UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

)BRANDON CALLIER, Pro se, ANA CALLIER, Pro se,
)CRAIG CUNNINGHAM, Pro se
)Plaintiff
)                                             COMPLAINT
)       v.                                    CIVIL ACTION NO. EP07CA0226KC
)
)BILLIE BAUER aka Creditwrench
)Defendant

## MOTION FOR MORE DEFINITIVE STATEMENTS

1. Plaintiff Brandon Callier claims that Defendant made several false, misleading, defamatory, and libelous statements completely devoid of any truth with the intent of harming the business CCH Consulting, LLC.

2. Plaintiff's allegations fail to meet the requirements of Federal Rules of Procedure 11(b)(3) because they have no evidentiary support and are not argued with specificity. Defendant demands that each and every statement Plaintiffs claim are false, misleading, defamatory and misleading be specifically outlined and proven with evidence of their publication. Defendant complains that the statements made in Paragraph 4 of Plaintiff's complaint are vague and ambiguous and fail to meet the requirements of Federal Rules of Procedure 11(b)(1),(2),(3) Defendant hereby states that his demands for more definitive statements are in compliance with Rule 11(b)(4) and are reasonably based on lack of information or belief. All allegations must be supported by factual evidence.

1

3. Plaintiff complains that Defendant has violated Texas Civil Practices Code Chapter 73 but fails to argue his statements with specificity. Defendant demands a more definitive statement regarding this complaint and demands that Plaintiffs show what statements were made by the Defendant, when he made them, where he made them, why they are libelous in nature and how they harmed each and every Plaintiff named party to this instant case, the amount of any damages resulting from this alleged violations and how those damages were calculated.

4. Plaintiff Brandon Callier complains in paragraph #6 of the complaint that Defendant has stated that Brandon Callier's spouse is associated with CCH Consulting LLC and alleges that the statement allegedly made by the Defendant that she is associated with CCH Consulting LLC was designed to harm the business of CCH Consulting LLC. but fails to explain how such a statement would harm the business of CCH Consulting LLC and therefore fails to argue the point with specificity. Defendant hereby demands that Plaintiff Brandon Callier show evidence that such a statement was made by the Defendant, when and where it was made and how such a statement has harmed the business of CCH Consulting LLC and proof of the extent to which CCH Consulting was harmed.

5. Plaintiff complains in paragraph 6 of the complaint that Defendant wrote that CCH Consulting and someone calling himself E. Normis Debtor are one and the same are defamatory and intentionally designed to harm the business of CCH Consulting LLC and Plaintiffs Brandon and Craig. Defendant demands a more definitive statement showing why such a statement is defamatory or designed to harm the business of CCH Consulting LLC, and specifically the extent of such harm.

2

6. Plaintiff states in paragraph 7 of the complaint that Defendant wrote that CCH Consulting LLC is nothing but a scam which is synonymous with the word "fraud" and the legal defintion of which is as follows from Black's Law Dictionary.

**Definition of Fraud**

*All multifarious means which human ingenuity can devise, and which are resorted to by one individual to get an advantage over another by false suggestions or suppression of the truth. It includes all surprises, tricks, cunning or dissembling, and any unfair way which another is cheated.*

Source: *Black's Law Dictionary,* 5th ed., by Henry Campbell Black, West Publishing Co., St. Paul, Minnesota, 1979.

Defendant demands that Plaintiff show proof and evidence that this statement allegedly made by the Defendant is and was false, or misleading for the simple reason that truth is an absolute || defense against a charge of libel.

7. In paragraph 8 of Plaintiff's complaint it is claimed that Defendant falsely stated that plaintiff pays his pal Adam Wheeler of addatradeline.com $1025 to do it for him. Defendant first learned about the concept of adding seasoned tradelines to the credit reports of a customer by having persons with high credit scores add a customer with poor credit scores as authorized users on the cards of the high scoring persons thus borrowing the credit history of the high scoring person because Plaintiff used the term addatradeline on his web page. Please provide a more definite statement of how Plaintiff actually adds persons with poor credit to the tradelines of people unknown to either party as authorized users. This more definite statement need not reveal any trade secrets of CCH Consulting LLC or the Plaintiffs but must prove that Plaintiff has never paid or contracted with Adam Wheeler of addatradeline.com.

3

8. In paragraph 9 of the Plaintiff's complaint he claims that Defendant stated that the programs offered by CCH Consulting LLC can land you in jail for providing false and misleading information to a lender. Plaintiff claims that this is false, misleading, defamatory, libelous and designed to injure the reputation of and cause financial harm to CCH Consulting LLC and Plaintiffs Craig and Brandon. Defendant demands that Plaintiff provide a more definite statement proving that artificially elevating the credit score of a person with poor credit by the method used by CCH Consulting LLC could not possibly result in a felony conviction if used by a customer of CCH Consulting LLC to obtain credit from a lender. Since truth is a defense against a charge of libel Plaintiff must show how Defendant's statement is false, misleading and therefore libelous, false or misleading.

9. In paragraph 10 of Plaintff's continues with a further diatribe claiming that the Defendant's statement that purchasing Plaintiff's products you could be a "guest of the Federal Government" and that such a statement suggests that buying Plaintiff's products a purchaser is committing a crime. Plaintiff has failed to exactly quote the statements of the Defendant but suggests his interpretation as to the meaning and content of Defendant's words. Defendant demands a more definitive statement of his words and proof that the words of the Defendant are false, defamatory libelous, and therefore calcultated to inflict harm to the reputatuon and finances of CCH Consulting LLC and the Plaintiffs Craig and Brandon.

10. In paragraph 11 of Plaintiff's complaint it is stated that E. Normis Debtor is the screen name of a message board poster and Blogger that has posted negative but true information about the

4

Defendant. Defendant demands a more definitive statement evidencing each and every statement of this person E. Normis Debtor and prove that each and every one of them are true and correct.

11. In paragraph 19 of Plaintiff's complaint it is stated that Defendant violated multiple provisions of the Texas Civil practices code Chapter 73 and Chapter 85, and Federal Laws including but not limited to: 18 U.S.C. 2216A. Texas Civil Practices Act Chapter 85 is very specific in it's requirements to prove violations.

```
     § 85.003. PROOF.  (a) A claimant proves stalking against
a defendant by showing:
          (1)   on more than one occasion the defendant
engaged in harassing behavior;
          (2)   as a result of the harassing behavior, the
claimant reasonably feared for the claimant's safety or the
safety of a member of the claimant's family;  and
          (3)   the defendant violated a restraining order
prohibiting harassing behavior or:
               (A)   the defendant, while engaged in
harassing behavior, by acts or words threatened to inflict
bodily injury on the claimant or to commit an offense
against the claimant, a member of the claimant's family, or
the claimant's property;
               (B)   the defendant had the apparent
ability to carry out the threat;
               (C)   the defendant's apparent ability to
carry out the threat caused the claimant to reasonably fear
for the claimant's safety or the safety of a family member;
               (D)   the claimant at least once clearly
demanded that the defendant stop the defendant's harassing
behavior;
```

5

    (E) after the demand to stop by the claimant, the defendant continued the harassing behavior; and

    (F) the harassing behavior has been reported to the police as a stalking offense.

 (b) The claimant must, as part of the proof of the behavior described by Subsection (a)(1), submit evidence other than evidence based on the claimant's own perceptions and beliefs.

Added by Acts 1995, 74th Leg., ch. 662, § 1, eff. June 14, 1995.
Renumbered from V.T.C.A., Civil Practice and Remedies Code §
83.003 by Acts 1997, 75th Leg., ch. 165, § 31.01(7), eff. Sept.
1, 1997.

Defendant demands that Plaintiff show how Defendant violated Chapter 85, when this purported stalking occurred, what Plaintiff did to comply with the requirements of this law, when each event occurred, how each act of the Defendant allegedly violated and against whom the alleged act was directed.

 12. In paragraph 19 of the complaint the Plaintiff stated that Defendant violated 18 U.S.C. 2261A. Defendant demands a more complete statement outlining how the Defendant violated 18 U.S.C. 2261A.

6

Here are the requirements for prosecution under that statute.

Prosecutions Under 18 U.S.C. § 2261(a)(1)

Title 18 U.S.C. § 2261(a)(1) - Interstate Travel to Commit Domestic Violence - requires that 1) the victim must be a spouse or intimate partner of the defendant, 2) the defendant must have crossed a State line (or entered or left Indian country) *with the intent* to injure, harass, or intimidate one's spouse or intimate partner, 3) in the course of or as a result of such travel, the defendant intentionally commits a crime of violence and 4) the defendant causes bodily injury to the spouse or intimate partner. "Spouse or intimate partner" is defined in 18 U.S.C. § 2266. [*Note*, "intimate partner" is defined differently under these provisions than it is under 18 U.S.C. 921(a)(32) for use in 18 U.S.C. § 922(d) or (g) prosecutions.]

The statute requires that the defendant have the required specific intent at the time of crossing the State line. An expected defense may be that no criminal activity was contemplated at the time the State line was crossed, and again, the parties must fall under the statutory definition of spouse or intimate partner. There must also be bodily injury for prosecution under this statute. A kidnapping with no resulting physical injuries would not violate this statute.

Defendant demands that Plaintiff prove that Defendant is a spouse or intimate partner and identify that spouse or intimate partner, prove that the Defendant crossed any state line or entered or left Indian Country with the intent to injure, harass or intimidate Plaintiff or Plaintiff's spouse or intimate partner, what crime of violence Defendant intentionally committed, what bodily injury to the spouse or intimate party was inflicted by the Defendant. Defendant hereby motions, moves and petitions this Honorable Court to order Plaintiff to provide more definitive statements as requested above.

*Billie E. Bauer*
Billie E. Bauer, Defendant Pro Se.
1604 S.W. 28th Street
Oklahoma City, Ok 73108
405-616-7901

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

)Brandon Callier, Pro se, Ana Callier, Pro se,
)Craig Cunningham, Pro se
)Plaintiff
)
)     v.                                    COMPLAINT
)                                           CIVIL ACTION  NO. EP07CA0226 KC
)
)Billie Bauer aka Creditwrench
)Defendant

## CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing motion for more definite statements was mailed/delivered to Brandon Callier at P.O. Box 220158 El Paso, Texas 79913 on July 1st, 20007

Billie E. Bauer Defendant Pro Se
1604 SW 28th St.
Oklahoma City, Ok 73108
405-616-7901

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

)Brandon Callier, Pro se, Ana Callier, Pro se,
)Craig Cunningham, Pro se
)Plaintiff
)
)     v.
)
)Billie Bauer aka Creditwrench
)Defendant

COMPLAINT
CIVIL ACTION NO. EP07CA0226KC

## CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing motion for more definite statements was mailed/delivered to Ana Callier at P.O. Box 220158 El Paso, Texas 79913 on July 1st, 20007

Billie E. Bauer Defendant Pro Se
1604 SW 28th St.
Oklahoma City, Ok 73108
405-616-7901

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

)Brandon Callier, Pro se, Ana Callier, Pro se,
)Craig Cunningham, Pro se
)Plaintiff
)
)     v.                                    COMPLAINT
)                                           CIVIL ACTION NO. EP07CA0226KC
)
)Billie Bauer aka Creditwrench
)Defendant

## CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing motion for more definite statements was mailed/delivered to Craig Cunnningham at P.O. Box 220158 El Paso, Texas 79913 on July 1st, 20007

Billie E. Bauer Defendant Pro Se
1604 SW 28th St.
Oklahoma City, Ok 73108
405-616-7901

